**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Case No. 26-cv-01886-NYW

REYNA ISABEL FUNEZ VELIZ,

     Petitioner,

v.

JUAN BALTAZAR, in his official capacity,
GEORGE VALDEZ, in his official capacity,
MARKWAYNE MULLIN, in his official capacity,
TODD LYONS, in his official capacity, and
TODD BLANCHE, in his official capacity,

     Respondents.

_____

**ORDER**
_____

This matter is before the Court on the Verified Petition for Writ of Habeas Corpus ("Petition"), [Doc. 1], and Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction ("Motion"), [Doc. 4], filed by Petitioner Reyna Isabel Funez Veliz ("Petitioner"). Petitioner is a noncitizen who is currently detained at U.S. Immigration and Customs Enforcement's ("ICE") Denver Contract Detention Facility in this District. [*Id.* at ¶¶ 1, 6]. He initially received a bond hearing pursuant to 8 U.S.C. § 1226(a), and an immigration judge ("IJ") ordered him released on an $8,000 bond. [*Id.* at ¶ 18; Doc. 4-5]. But ICE invoked the "automatic stay" regulation, 8 C.F.R. § 1003.19(i)(2), to prevent his release while ICE appealed the IJ's bond determination, [Doc. 1 at ¶ 20; Doc. 4-6]. After ICE appealed, the IJ sua sponte reconsidered the bond determination and held that

Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2).  [Doc. 1 at ¶¶ 20–21; Doc. 4-7].

Petitioner argues that ICE's use of the automatic stay provision violates his due process rights, that the IJ lacked authority to reconsider the bond determination during a pending appeal, and that Respondents' interpretation of § 1225(b)(2) is unlawful.  *See* [Doc. 1 at ¶¶ 29–69].  He asks the Court to, among other things, order him released on the original $8,000 bond set by the IJ.  [*Id.* at 28].  In the Motion, Petitioner requests a temporary restraining order granting similar relief.  *See* [Doc. 4 at 24–25].

Upon review of the Petition, it is **ORDERED** that Petitioner shall **SERVE** Respondents with a copy of the Petition and the Motion, and accompanying papers, along with a copy of this Order, by e-mail and by overnight mail, on or before **May 8, 2026**.  Petitioner shall promptly file proof of such service on the docket, and counsel for Respondents shall promptly enter their notices of appearance.  Within **seven days of service**, Respondents shall **RESPOND** to the Motion and **SHOW CAUSE** why the Petition shall not be granted.  *See, e.g.*, *Yassine v. Collins*, No. 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. July 7, 2025) (explaining that while § 2243 refers to a three day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself, and granting respondents a fourteen day deadline to respond in order to "give [r]espondents adequate time to brief the issues" (quotations omitted)).  Any reply shall be filed no later than **seven days** after the Response. In addition, the All Writs Act provides, in pertinent part, that:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

2

28 U.S.C. § 1651(a). The All Writs Act dates from the first Judiciary Act of 1789, and the Supreme Court has recognized that its express authority empowers lower courts, in limited circumstances, to issue temporary injunctions as may be necessary to protect the status quo or their own jurisdiction. *See FTC v. Dean Foods Co.*, 384 U.S. 597, 603, 608 (1966). Indeed, the Supreme Court has instructed that, "[u]nless appropriately confined by Congress, a federal court may avail itself of all auxiliary writs as aids in the performance of its duties, when the use of such historic aids is calculated in its sound judgment to achieve the ends of justice entrusted to it." *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172–73 (1977) (quotation omitted).

Pursuant to the All Writs Act, and in order to preserve the Court's jurisdiction, Respondents **SHALL NOT REMOVE** Petitioner from the District of Colorado or the United States unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this Order. *See Vizguerra-Ramirez v. Choate*, No. 25-cv-00881-NYW, ECF No. 11 at 4–5 (D. Colo. Mar. 21, 2025) (collecting cases); *Vazquez v. Baltazar*, No. 25-cv-03049-GPG-TPO, ECF No. 11 (D. Colo. Oct. 2, 2025); *Dean Foods Co.*, 384 U.S. at 603; *Local 1814, Int'l Longshoremen's Ass'n v. N.Y. Shipping Ass'n*, 965 F.2d 1224, 1237 (2d Cir. 1992).

DATED: May 5, 2026

BY THE COURT:

_____
Nina Y. Wang
United States District Judge

3