**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Case No. 26-cv-01886-NYW

REYNA ISABEL FUNEZ VELIZ,

      Petitioner,

v.

JUAN BALTAZAR, in his official capacity,
GEORGE VALDEZ, in his official capacity,
MARKWAYNE MULLIN, in his official capacity,
TODD LYONS, in his official capacity, and
TODD BLANCHE, in his official capacity,

      Respondents.

_____

### MEMORANDUM OPINION AND ORDER
_____

This matter is before the Court on the Verified Petition for Writ of Habeas Corpus ("Petition"), [Doc. 1], and Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction ("Motion"), [Doc. 4]. Respondents filed a consolidated response in opposition, [Doc. 12], and Petitioner has replied, [Doc. 13]. For the reasons set forth in this Order, the Petition is **GRANTED in part**.

### BACKGROUND

Petitioner Reyna Isabel Funez Veliz ("Petitioner" or "Mr. Funez Veliz") is a noncitizen who has been present in the United States since 2009. [Doc. 1 at ¶¶ 1, 16]. He was taken into custody by U.S. Immigration and Customs Enforcement ("ICE") on December 12, 2025, and placed in removal proceedings. [*Id.* at ¶¶ 16–17]. On January 8, 2026, Petitioner appeared before an immigration judge ("IJ") for a bond hearing pursuant to 8 U.S.C. § 1226(a). [*Id.* at ¶ 18]. The IJ ordered Mr. Funez Veliz released on

an $8,000 bond. *See* [*id.*; Doc. 4-5]. But ICE invoked the "automatic stay" provision, 8 C.F.R. § 1003.38, preventing his release while ICE appealed the bond decision to the Board of Immigration Appeals ("BIA"). [Doc. 1 at ¶¶ 19–20; Doc. 4-6]. ICE filed a Notice of Appeal on January 22, 2026. [Doc. 1 at ¶ 20]. According to Mr. Funez Veliz, ICE's appeal is based on its position that he is detained under 8 U.S.C. § 1225(b)(2), not 8 U.S.C. § 1226(a), as the immigration judge found. [*Id.*]; *cf.* [Doc. 12 at 3–7 (Respondents making the same argument in this case)]. Weeks later, while the appeal was pending, the IJ sua sponte reconsidered the bond ruling and held that Mr. Funez Veliz is subject to mandatory detention without bond under § 1225(b)(2). [Doc. 1 at ¶ 21; Doc. 4-7]. Nothing in the record suggests that BIA has ruled on ICE's appeal from the first bond order. Mr. Funez Veliz remains detained at an ICE facility in Aurora, Colorado. [Doc. 1 at ¶ 6].

Mr. Funez Veliz contends that his detention is unlawful for three reasons. [*Id.* at ¶ 22]. First, he argues that the ICE's application of the automatic stay provision violates his due process rights under the Fifth Amendment. [*Id.* at ¶¶ 29–46]. Second, he argues that he cannot be detained under § 1225(b), so he must be detained under § 1226(a), which entitles him to an opportunity for release on bond. [*Id.* at ¶¶ 47–65]. Third, he argues that the IJ lacked authority to reconsider the bond determination once ICE's appeal had vested jurisdiction with the BIA. [*Id.* at ¶¶ 66–69].

These arguments give rise to seven claims challenging the lawfulness of Petitioner's detention: (1) violation of his procedural due process rights ("Count One"); (2) violation of his substantive due process rights ("Count Two"); (3) violation of the Administrative Procedure Act ("APA") based on the automatic stay provision ("Count Three"); (4) violation of the Immigration and Nationality Act ("INA") ("Count Four");

(5) violation of the INA's implementing regulations regarding bond eligibility ("Count Five"); (6) violation of the INA's implementing regulation regarding reconsideration of bond rulings ("Count Six"); and (7) another violation of the APA based on Respondents' interpretation of § 1225(b) ("Count Seven"). [Doc. 1 at ¶¶ 71–99]. Petitioner asks this Court to issue a writ of habeas corpus directing that he be immediately released or released on the original $8,000 bond set by the IJ. [*Id.* at 28]. The Motion requests substantially the same relief. *See generally* [Doc. 4].

The matter is fully briefed. [Doc. 12; Doc. 13]. No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

## LEGAL STANDARDS

### I.    Habeas Corpus

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)). While a district court lacks jurisdiction to review an immigration judge's bond determination, 8 U.S.C. § 1226(e), the Court has "jurisdiction

under 28 U.S.C. § 2241 to consider any error of law in [Petitioner's] agency proceedings, including any claimed due process violation." *L.G. v. Choate*, 744 F. Supp. 3d 1172, 1178 n.12 (D. Colo. 2024) (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022)).

## II.    Immigration Detention During Removal Proceedings

Sections 1225 and 1226 govern detention of noncitizens prior to a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). Section 1226 "sets forth 'the default rule' for detaining noncitizens 'already present in the United States.'" *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *5 (E.D. Va. Sept. 30, 2025) (quoting *Jennings*, 583 U.S. at 303). This section permits, but does not require, the Attorney General to detain noncitizens pending removal proceedings, subject to certain exceptions not applicable here. *Jennings*, 583 U.S. at 303; 8 U.S.C. § 1226(a)(1)–(2) (the Attorney General "*may* continue to detain" or "*may* release" the noncitizen (emphasis added)). Section 1226(a) thus establishes a discretionary framework for the detention of noncitizens pending removal proceedings.

Section 1225(b) "supplement[s] § 1226's detention scheme." *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1246 (W.D. Wash. 2025) (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022)). Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States," i.e., "applicants for admission." *Jennings*, 583 U.S. at 297. This section provides, in relevant part, that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall* be detained" pending removal proceedings. 8 U.S.C. § 1225(b)(2)(A)

(emphasis added).[1]  Under § 1225(a)(1), an "applicant for admission" is

> An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters).

Absent an exception for urgent humanitarian reasons not implicated in this case, "detention under § 1225(b)(2) is considered mandatory," and "[i]ndividuals detained under § 1225 are not entitled to a bond hearing."  *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025) (citing *Jennings*, 583 U.S. at 297).

### III.     Automatic Stay Provision

Noncitizens detained pursuant to § 1226 have the right to seek release on bond. 8 U.S.C. § 1226(a)(2); *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *8 (D. Colo. Oct. 22, 2025); *see also, e.g.*, *Hyppolite v. Noem*, 808 F. Supp. 3d 474, 485 (E.D.N.Y. 2025) ("[Section] 1226(a) requires an individualized bond determination.").  If bond is granted, DHS may appeal that determination to the BIA.  8 C.F.R. § 1003.19(f).  Once DHS files a timely notice of intent to appeal, "any order of the immigration judge authorizing release (on bond or otherwise) shall be stayed."  8 C.F.R. § 1003.19(i)(2).  This stay is "[a]utomatic" and causes the release order to "remain in abeyance pending decision of the appeal by the Board."  *Id.*

---

[1] Under 8 U.S.C. § 1225(b)(1), "certain applicants for admission who are deemed inadmissible are subject to expedited removal, unless they express a fear of persecution or an intent to apply for asylum."  *Guerrero Orellana v. Moniz*, 802 F. Supp. 3d 297, 304 (D. Mass. Oct. 3, 2025), *appeal docketed*, No. 25-2152 (1st Cir. Dec. 3, 2025); *see also* 8 U.S.C. § 1225(b)(1)(A)(i) (directing an immigration officer to "order [a person deemed inadmissible] removed from the United States without further hearing or review unless [the person] indicates either an intention to apply for asylum . . . or a fear of persecution").  Respondents do not argue that Petitioner is detained pursuant to § 1225(b)(1), *see* [Doc. 12], so the Court does not substantively address detention under this subsection.

If the BIA does not act on the appeal of the bond determination, the automatic stay "lapse[s] 90 days after the filing of the notice to appeal."  8 C.F.R. § 1003.6(c)(4).  At that point, however, "DHS may seek a discretionary stay pursuant to 8 C.F.R. § 1003.19(i)(1)" to continue to stay the immigration judge's order.  8 C.F.R. § 1003.6(c)(5).  That stay remains in effect "during the time it takes for the [BIA] to decide whether or not to grant a discretionary stay," not to exceed 30 days.  *Id.*  If the BIA authorizes the noncitizen's release, denies a motion for discretionary stay, or fails to act on such a motion before the automatic stay period expires, the noncitizen's release is "automatically stayed for five business days."  8 C.F.R. § 1003.6(d).  During that additional five-day period, DHS can choose to refer the bond decision to the Attorney General, which extends the automatic stay for another 15 business days.  *Id.*  The Attorney General can then extend the stay "pending the disposition of [the] custody case."  *Id.*

## ANALYSIS

### I.    Statutory Basis for Detention

Respondents argue that the Court need not reach the legality of the automatic stay or the IJ's reconsideration decision, because Mr. Funez Veliz is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore ineligible for bond.  [Doc. 12 at 3–5].

This Court, following the clear weight of persuasive authority, has already rejected Respondents' position that § 1225(b)(2)(A) requires detention of noncitizens like Petitioner.  *See Loa Caballero v. Baltazar*, 2025 WL 2977650, at *5 ("[F]ederal courts have overwhelmingly rejected Respondents' 'broad interpretation of section 1225(b)(2).'"

6

(collecting cases)).[2]  In *Loa Caballero*, this Court reviewed a similar habeas petition filed by a noncitizen who was detained without a bond hearing based on the Government's assertion that § 1225 mandated his detention.  *See id.* at *1.  The Court disagreed, emphasizing that § 1225(b)(2)(A) only provides for mandatory detention of noncitizens "seeking admission" to the country.  *Id.* at *6.  "The plain meaning of the phrase 'seeking admission' requires that the applicant must be presently and actively seeking lawful entry into the United States."  *Id.*  Thus, noncitizens who are merely "present"—and have been for years without obtaining legal status—are not "seeking admission" under § 1225(b)(2)(A).  *Id.* (quoting *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 781 (E.D. Mich. 2025)).  The Court concluded that both the plain text of § 1225 and applicable canons of statutory interpretation demonstrated that the petitioner in *Loa Caballero* was detained under § 1226, not § 1225.  *See id.* at *5–8.  The Court has since reaffirmed its ruling in *Loa Caballero* in several other similar habeas cases.  *See, e.g.*, *Briales-Zuniga v. Baltazar*, No. 25-cv-03439-NYW, 2026 WL 35227 (D. Colo. Jan. 6, 2026); *Garcia Bautista v. Noem*, No. 26-cv-00272-NYW, 2026 WL 532427, at *4 (D. Colo. Feb. 26,

---

[2] In addition to this Court's ruling in *Loa Caballero*, nearly all of the other judges in this District have concluded that § 1225(b)(2)(A) does not apply to noncitizens similarly situated to Petitioner, who have been present in the country for some time and are not actively "seeking admission."  *See, e.g.*, *Mendoza Gutierrez v. Baltasar*, No. 25-cv-02720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2024) (Rodriguez, J.), *appeal docketed*, No. 25-1460 (10th Cir. Dec. 16, 2025); *Moya Pineda v. Baltasar*, No. 25-cv-02955-GPG, 2025 WL 3516291 (D. Colo. Oct. 20, 2025) (Gallagher, J.); *Nava Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643 (D. Colo. Oct. 24, 2025) (Sweeney, J.); *Arredondo v. Baltazar*, No. 25-cv-03040-RBJ, 2025 WL 4083607 (D. Colo. Oct. 31, 2025) (Jackson, J.); *Florez Marin v. Baltazar*, No. 25-cv-03697-PAB, 2025 WL 3677019 (D. Colo. Dec. 18, 2025) (Brimmer, J.); *Aleman Hernandez v. Baltazar*, No. 25-cv-03688-SKC-SBP, 2025 WL 3718159 (D. Colo. Dec. 23, 2025) (Crews, J.); *Garcia Abanil v. Baltazar*, 817 F. Supp. 3d 1148 (D. Colo. 2026) (Martinez, J.).  *But see Singh v. Blanche*, No. 26-cv-01076-DDD-TPO, 2026 WL 1282828 (D. Colo. May 11, 2026) (Domenico, C.J.).

2026).

Respondents acknowledge the issue presented in this case "is not materially different" than *Loa Cabellero*, *see* [Doc. 12 at 5], and provide no persuasive reason for the Court to depart from the conclusion it reached in that case. Nor has the Tenth Circuit yet addressed the issue.[3] And although Respondents preserve their arguments to the contrary, they concede that the Court's ruling in *Loa Caballero* will lead the Court to the same conclusion here.

Accordingly, as in *Loa Caballero* and *Briales-Zuniga*, the Court concludes that § 1225(b)(2)(A) does not authorize Respondents' detention of Petitioner. The "default rule" of discretionary detention under § 1226(a) therefore applies. *See, e.g.*, *Quispe-Ardiles*, 2025 WL 2783800, at *5, *7. Insofar as Respondents purport to detain Petitioner under § 1225(b), that approach violates the INA. The Petition is respectfully **GRANTED** as to Count Four, the INA claim. The Court proceeds to Petitioner's remaining arguments.

## II.    Immigration Judge's Reconsideration Order

Having determined that Petitioner is eligible for bond under § 1226(a), the Court finds that the IJ's reconsideration order does not require that he remain in detention.

---

[3] The courts of appeals to consider Respondents' interpretation of § 1225(b)(2)(A) have split. *Compare Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026) (rejecting Respondents' interpretation), *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia.*, --- F.4th ----, 2026 WL 1243395 (11th Cir. May 6, 2026) (same), *Lopez-Campos v. Raycraft*, --- F.4th ----, 2026 WL 1283891 (6th Cir. May 11, 2026) (same), *and Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1062 (7th Cir. 2025) (concluding at preliminary stage that DHS was unlikely to succeed on the merits of its argument), *with Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026) (affirming Respondents' interpretation), *and Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) (same). Given that the arguments on both sides are now well-worn, the Court need not go further than to note that the Fifth and Eighth Circuits' decisions, although thorough, do not bind or persuade this Court to reconsider its analysis of this issue. *See Garcia Bautista*, 2026 WL 532427, at *3 n.3.

Consistent with § 1226(a), Petitioner initially received a bond hearing, and the IJ granted bond. [Doc. 4-5]. In the reconsideration order, however, the IJ asserted that he lacked jurisdiction to set bond because Petitioner is subject to mandatory detention under § 1225(b). [Doc. 4-7 (citing *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (B.I.A. 2025) (holding that noncitizens who enter the country unlawfully are subject to mandatory detention § 1225(b)(2)(A)))]. The IJ claimed authority to reconsider his prior bond order sua sponte based on 8 C.F.R. § 1003.23(b)(1). [*Id.*].

As an initial matter, the Court agrees with Petitioner that the IJ lacked jurisdiction to reconsider a ruling that had been properly appealed to the BIA. Under 8 C.F.R. § 1003.23(b)(1), an IJ may reconsider a case sua sponte "at any time, . . . unless jurisdiction is vested with the [BIA]." Jurisdiction vests with the BIA when a party files a timely Notice of Appeal. *See* 8 C.F.R. § 1003.3(a)(1) ("An appeal from a decision of an immigration judge shall be taken by filing a Notice of Appeal . . . directly with the Board."); § 1003.1(b)(7) (defining the BIA's appellate jurisdiction and providing that "[a]ppeals may be filed with the" BIA from, inter alia, IJs' determinations related to bond); *Audang v. Holder*, 322 F. App'x 13, 14 (2d Cir. 2009) (recognizing that jurisdiction vests with the BIA when a party "properly files an appeal" (citing *Matter of Patino*, 23 I. & N. Dec. 74, 76 (B.I.A. 2001) (observing that an IJ has jurisdiction over proceedings before it "until such time as an appeal is properly before the Board"))); *Medina v. Gonzales*, 210 F. App'x 680, 680 (9th Cir. 2006) (similar). By the same token, a Notice of Appeal divests the IJ of jurisdiction. *See Cui v. Garland*, 13 F.4th 991, 997 n.4 (9th Cir. 2021) ("Generally speaking, an appeal to the BIA will divest the IJ of jurisdiction." (collecting cases)); *Puc-Ruiz v. Holder*, 629 F.3d 771, 782 (8th Cir. 2010) (similar); *cf. United States v.*

*Mavrokordatos*, 933 F.2d 843, 846 (10th Cir.1991) ("[T]he filing of a timely notice of appeal from an appealable order divests the trial court of jurisdiction and confers jurisdiction on the court of appeals.").

Here, it is undisputed that the IJ issued the reconsideration order on February 17, 2026, "[w]hile DHS's appeal was pending." [Doc. 12 at 2]; *see* [Doc. 1 at ¶¶ 20–21]. DHS had already filed its Notice of Appeal, so jurisdiction at that point was vested with the BIA. The IJ thus lacked jurisdiction to reconsider the prior bond order, and the reconsideration order was a "nullity." *Puc-Ruiz*, 629 F.3d at 782 (recognizing that IJ's decision "was ultra vires and thus a nullity" when issued after a Notice of Appeal to the BIA had been filed). Because the reconsideration order exceeded the IJ's authority under 8 C.F.R. § 1003.23(b)(1), the Petition is respectfully **GRANTED** as to Count Six.[4]

Even if the IJ had authority to reconsider the prior bond ruling, the Court has already concluded that subjecting Petitioner to mandatory detention under § 1225(b) violates the INA. And the Court has held in other cases that depriving a noncitizen detained under § 1226(a) the benefit of an individualized bond determination violates the

---

[4] Respondents ask the Court to require Petitioner to exhaust his arguments regarding the reconsideration order through an appeal to the BIA. [Doc. 12 at 4–5]. In the immigration context, however, "exhaustion of remedies is statutorily required only for appeals of final orders of removal." *Hoang v. Comfort*, 282 F.3d 1247, 1254 (10th Cir. 2022), *judgment vacated on other grounds sub nom. by Weber v. Phu Chan Hoang*, 538 U.S. 1010 (2003). Absent a statutory requirement, the district court has discretion to require exhaustion. *L.G.*, 744 F. Supp. 3d at 1181 (citing *Miranda v. Garland*, 34 F.4th 338, 351 (4th Cir. 2022)). Regardless, exhaustion is not required if it would be futile. *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). In light of the BIA's ruling in *Yajure-Hurtado* that similarly situated noncitizens are subject to mandatory detention under § 1225(b)(2), the Court respectfully declines to require Petitioner to exhaust his challenge to the IJ's reconsideration of the bond order. *See* 29 I & N Dec. 216; *see also L.G.*, 744 F. Supp. 3d at 1182 (declining to require immigration detainee to exhaust arguments before BIA where exhaustion would be futile due to BIA's prior rulings on the issue).

noncitizen's due process rights.  *See, e.g.*, *Tequida Valencia v. Baltazar*, No. 26-cv-01869-NYW, 2026 WL 1453642, at *4 (D. Colo. May 22, 2026).  The IJ's reconsideration order does not prevent Petitioner from receiving the process he is owed under § 1226(a).  The Petition is further **GRANTED** as to Count Four (the INA claim) and Counts One and Two (the constitutional claims), insofar as those claims challenge the reconsideration order's role in Petitioner's detention without the procedural protections afforded by § 1226(a).

### III.    Automatic Stay Provision

The remaining question is whether, once Petitioner was granted bond under § 1226(a), ICE violated his rights by invoking the automatic stay provision, 8 C.F.R. § 1003.19(i)(2).

To determine whether civil detention violates the detainee's due process rights, courts consider the three factors set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976): (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."  *Id.* at 335; *see also Moreno Santana v. Baltazar*, No. 26-cv-00787-WJM-SBP, 2026 WL 709759, at *3 (D. Colo. Mar. 13, 2026) (collecting cases from this District that have applied the *Mathews* test in immigration habeas cases, including in cases deciding the same question as presented here).  Indeed, this Court has previously applied the *Mathews* factors in habeas challenges to the automatic stay provision.  *See Silva Nelo v. Baltazar*, No. 26-cv-01290-NYW, 2026 WL 1291860, at *3–5 (D. Colo. May 11, 2026); *Perez Carmona v.*

*Baltazar*, No. 26-cv-01525-NYW, 2026 WL 1382757, at *2–4 (D. Colo. May 18, 2026). The Court will do the same here.

     ***Private Interest.***  There is no question that Mr. Funez Veliz has a significant private interest at stake.  "[T]he interest in being free from physical detention" is "the most elemental of liberty interests."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004); *see also Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) ("Freedom from imprisonment . . . lies at the heart of the liberty that Clause protects.").  To be sure, the default rule is that an automatic stay expires after 90 days.  *See* 8 C.F.R. § 1003.6(c)(4).  But "there are several possibilities for the detention being extended after the 90-day period lapses, including the stay being extended due to custody proceedings."  *Carralero Silvera v. Baltazar*, No. 26-cv-00926-PAB, 2026 WL 1295358, at *3 (D. Colo. May 12, 2026) (first citing *Rivas v. Baltazar*, No. 26-cv-00442-SKC, 2026 WL 444732, at *1 n.2 (D. Colo. Feb. 17, 2026); and then citing 8 C.F.R. § 1003.6(c)(5)–(d)).  And "freedom from 90 days of physical detention still constitutes a significant private interest."  *Id.*

     An immigration judge has determined that Mr. Funez Veliz is entitled to release on bond.  [Doc. 4-5].  Moreover, Mr. Funez Veliz has no criminal history that would require his detention under § 1226(c).  [Doc. 4 at 9].  Despite this, the automatic stay has resulted in Petitioner's continued detention at a detention facility that a court in this District has previously found "strongly resemble[s] penal confinement."  *Arostegui-Maldonado v. Baltazar*, 794 F. Supp. 3d 926, 940 (D. Colo. 2025).  Petitioner has now been detained for approximately five months.  [Doc. 1 at ¶ 16].  As a result, he has been separated from his family, including his U.S. citizen daughter with special needs.  [Doc. 4 at 9]; *see also Moreno Santana*, 2026 WL 709759, at *3 ("[Petitioner's] loss of freedom comes at

significant cost. . . .   [A]s a result of the automatic stay regulation, the Government has separated [Petitioner] from his family.").  This factor strongly weighs in Petitioner's favor.

*Risk of Erroneous Deprivation.*   There is a substantial risk of erroneous deprivation of Petitioner's liberty interest through the use of the automatic stay provision. "[T]he only individuals subject to the automatic stay are those who, by definition, prevailed at their bond hearing."  *Merchan-Pacheo v. Noem*, No. 25-cv-03860-SBP, 2026 WL 88526, at *15 (D. Colo. Jan. 12, 2026) (quoting *Carlon v. Kramer*, No. 25-cv-03178, 2025 WL 2624386, at *3 (D. Neb. Sept. 11, 2025)).  "Yet despite prevailing at his bond hearing, the automatic stay provision allowed the Government to effectively disregard the IJ's custody determination and deprive [Mr. Funez Veliz] of his liberty anyway."  *Granillo Chavarria v. Baltazar*, --- F. Supp. 3d ----, 2026 WL 696580, at *3 (D. Colo. Mar. 12, 2026). And as noted by other courts, proceedings before the BIA, and potentially the Tenth Circuit, could take years.  *See Mardanpour v. Warden*, No. 26-cv-00550-MIS-LF, 2026 WL 963164, at *6 (D.N.M. Apr. 9, 2026).

In using the automatic stay provision to stay the immigration judge's bond order, the Government was not required to demonstrate any individualized facts or show any likelihood of success on the merits.  *See* 8 C.F.R. § 1003.19(i)(2); *Rivas*, 2026 WL 444732, at *3.  Meanwhile, typically, "to obtain a stay of a judge's order requires a party to, *inter alia*, make 'a strong showing' that it is likely to succeed on the merits of its challenge to that order."  *Granillo Chavarria*, 2026 WL 696580, at *4 (quoting *Maza v. Hyde*, 807 F. Supp. 3d 42, 49 (D. Mass. 2025) (in turn quoting *Nken v. Holder,* 556 U.S. 418, 434 (2009))).  "By flipping the traditional rules governing requests to stay pending appeal, the automatic stay regulation invites significant risk of error in decisions that deprive

individuals of their liberty." *Sampiao v. Hyde*, 799 F. Supp. 3d 14, 33 (D. Mass. 2025); *see also Günaydin v. Trump*, 784 F. Supp. 3d 1175, 1188 (D. Minn. 2025) ("[A] stay of an order directing the release of a detained individual is an 'especially' extraordinary step, because '[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception.'" (quoting *United States v. Salerno*, 481 U.S. 739, 755 (1987))).  This factor weighs in favor of Mr. Funez Veliz.

**The Government's Interest.**  Finally, the Government does not have a significant interest in keeping Mr. Funez Veliz detained by way of the automatic stay regulation.  A neutral decision-maker has already found that Petitioner does not pose a flight risk or danger to the community sufficient to deny bond.  *See* [Doc. 4-5].  In such cases, the Government's interest in preventing flight risks is significantly diminished.  *See Moreno Santana*, 2026 WL 709759, at *5 (explaining that the Government's claimed interest in preventing flight in this situation is "unsubstantiated and based on nothing more than mere conjecture").

In sum, weighing the *Mathews* factors leads to the conclusion that application of the automatic stay provision violates Mr. Funez Veliz's procedural due process rights.[5] The Petition is **GRANTED** as to Count One.

---

[5] The other district judges in this District who have confronted this issue have also concluded that the automatic stay regulation violates the procedural due process rights of noncitizens similarly situated to Petitioner.  *See, e.g.*, *Rivas*, 2026 WL 444732 (Crews, J.); *Arana-Hernandez v. Baltasar*, No. 26-cv-00725-CNS, 2026 WL 696642 (D. Colo. Mar. 12, 2026) (Sweeney, J.); *Granillo Chavarria*, 2026 WL 696580 (Martínez, J.); *Rodriguez Alfaro v. Baltazar*, No. 26-cv-01200-PAB, 2026 WL 935969 (D. Colo. Apr. 7, 2026) (Brimmer, J.).  And "at least 50 district court decisions across the United States" have found the same.  *Rodriguez Alfaro*, 2026 WL 935969, at *3 (quoting *M.P.L. v. Arteta*, No. 25-cv-05307-VSB, 2025 WL 3288354, at *7 (collecting cases)).

**IV.   Appropriate Remedy**

As explained, a noncitizen detained under § 1226(a) is entitled to a bond hearing. But because Petitioner has already received such a hearing and an IJ has determined that bond should be granted, the appropriate remedy is immediate release subject to the same terms imposed by the IJ.  *See Silva Nelo*, 2026 WL 1291860, at *4; *Siddhu v. Mackey*, No. 26-cv-03075-JWL, 2026 WL 1004538, at *2 (D. Kan. Apr. 14, 2026) (concluding, in similar case, that ordering "petitioner's release on the terms previously set by the immigration judge [] provides petitioner the most efficient relief").  Accordingly, Respondents are **ORDERED** to release Mr. Funez Veliz within **24 hours** of him posting the required bond.

Having granted Petitioner the appropriate relief through Counts One, Two, Four, and Six, the Court respectfully declines to reach his remaining claims.  *See, e.g.*, *Briales-Zuniga*, 2026 WL 35227, at *4 (declining to reach constitutional or regulatory claims after granting requested relief on § 1226(a) claim).  The Motion is respectfully **DENIED as moot** for the same reason.  *See Loa Caballero*, 2025 WL 2977650, at *9 (denying motion for temporary restraining order as moot after granting petitioner "identical" relief on the merits).  And to the extent Petitioner seeks attorney's fees under the Equal Access to Justice Act, [Doc. 1 at 28]; *see also Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025), this District's Local Rules require that a request for fees be made through a separate motion, *see* D.C.COLO.LCivR 54.3.  A fee award is thus inappropriate at this juncture.

**CONCLUSION**

For the reasons set forth above, **IT IS ORDERED** that:

(1)   The Verified Petition for Writ of Habeas Corpus [Doc. 1] is **GRANTED in part**

15

as set forth herein;

(2) Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction [Doc. 4] is **DENIED as moot**;

(3) Within **24 hours** of Petitioner posting the bond ordered by the immigration judge, Respondents **SHALL RELEASE** Petitioner from custody; and

(4) Within **five days** of Petitioner posting bond, the Parties shall file a joint status report stating (1) whether Petitioner has been released on bond, and (2) whether any additional proceedings in this matter are required.

DATED: May 28, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge