**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-01886-NYW

REYNA ISABEL FUNEZ VELIZ,

Petitioner,

v.

JUAN BALTAZAR, in his official capacity,
NATHAN RAPSER, in his official capacity,[1]
MARKWAYNE MULLIN, in his official capacity,
TODD LYONS, in his official capacity, and
TODD BLANCHE, in his official capacity,

Respondents.

---

## ORDER GRANTING MOTION FOR EAJA FEES

---

This matter is before the Court on the Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act ("Motion" or "Motion for EAJA Fees") [Doc. 18, filed August 24, 2026] by Petitioner Reyna Isabel Funez Veliz ("Petitioner" or "Mr. Funez Veliz").[2] Respondents did not file a response, and the time to do so has elapsed.

[1] Pursuant to Rule 25(d), Mr. Rasper is automatically substituted into this case as a respondent. Fed. R. Civ. P. 25(d).

[2] Petitioner recently filed a "Motion for Order," requesting that this Court adjudicate the Motion for EAJA Fees. [Doc. 20]. While this Court recognizes that the Motion was not opposed and understands that Petitioner and his counsel are eager for a ruling, this Court respectfully requests that parties refrain from filing such motions that seek nothing more than adjudication of a pending motion. As counsel should appreciate, the judicial officers in this District are not only facing unprecedented numbers of immigration matters, but also double the amount of filed civil actions as were filed in 2025. This Court assures the Petitioner and his counsel that it is working as efficiently as possible. Additional filings such as the Motion for Order are not contemplated by the Federal Rules of Civil Procedure, the Local Rules of Practice – Civil, or this Court's Uniform Practice Standards. Nor are they helpful. Accordingly, the Motion for Order is **DENIED as moot**. In the future,

D.C.COLO.LCivR 7.1(d). For the reasons herein, the Motion for EAJA Fees is respectfully **GRANTED**.

**BACKGROUND**

On May 1, 2026, Mr. Funez Veliz, a noncitizen who has been in the United States since 2009, filed an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") against Respondents Juan Baltazar, George Valdez, Markwayne Mullin, Todd Lyons, and Todd Blanche, all sued in their official capacities ("Respondents'). [Doc. 1 at ¶¶ 1, 16]. He was taken into custody by U.S. Immigration and Customs Enforcement ("ICE") on December 12, 2025, and placed in removal proceedings. [*Id.* at ¶¶ 16–17]. Originally, an immigration judge ("IJ") ordered Mr. Funez Veliz released on an $8,000 bond after a bond hearing. *See* [*id.* at ¶ 18; Doc. 4-5]. But ICE invoked the "automatic stay" provision, 8 C.F.R. § 1003.38, preventing his release while ICE appealed the bond decision to the Board of Immigration Appeals ("BIA"). [Doc. 1 at ¶¶ 19–20; Doc. 4-6]. Weeks later, while the appeal was pending, the IJ sua sponte reconsidered the bond ruling and held that Mr. Funez Veliz is subject to mandatory detention without bond under § 1225(b)(2). [Doc. 1 at ¶ 21; Doc. 4-7].

This Court granted the Petition on May 28, 2026, finding that the IJ lacked jurisdiction to sua sponte reconsider Mr. Funez Veliz was properly considered held pursuant to 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2)(A). [Doc. 14]. The Court further ordered Mr. Funez Veliz to be released within 24 hours of the posting of the $8,000 bond

---

to the extent that Respondents do not oppose the relief requested, Petitioner may signal that to the Court by filing an "Unopposed Motion."

that was originally contemplated. [*Id.* at 16]. Finally, the Court ordered the Parties to file a Joint Status Report within five days of Mr. Funez Veliz's posting of bond. [*Id.*].

On June 3, 2026, the Parties submitted a Joint Status Report indicating that Mr. Funez Veliz posted bond and that after paying that required amount, Petitioner was released from custody on May 30, 2026. [Doc. 15]. Final judgment entered on June 7, 2026. [Doc. 17]. This instant Motion for EAJA Fees followed. [Doc. 18]. Respondents did not respond and the time to do so has elapsed. D.C.COLO.LCivR 7.1(d). Petitioner also filed a Notice of Supplemental Authority on November 12, 2026. [Doc. 19]. This Motion is ripe for adjudication.

## LEGAL STANDARD

Except as otherwise specifically provided by statute, the Equal Access to Justice Act ("EAJA") authorizes the Court to award attorney's fees and expenses in civil actions brought by or against the United States or any agency or any official of the United States to a prevailing party (other than the United States), unless the Court "finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Tenth Circuit has expressly held that habeas actions challenging immigration detention constitute "civil actions" under the EAJA. *See Daley v. Ceja*, 158 F.4th 1152, 1162 (10th Cir. 2025). "Under the EAJA a party can recover attorney's fees against the United States if (1) he was the prevailing party, (2) the government's position in the case was not substantially justified, (3) the party is

eligible to receive an award; and (4) the amount sought is reasonable." *Alarcon v. Baltazar*, --- F. Supp. 3d ----, 2026 WL 2085614, at *2 (D. Colo. July 17, 2026).

Respondents bear the burden of showing that their legal positions were substantially justified. *See Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995). "The test for substantial justification in this circuit is one of reasonableness in law and fact." *Id*. This Court considers the totality of the circumstances because, "the EAJA—like other fee-shifting statutes—favors treating a case as an inclusive whole, rather than as atomized line-items." *Comm'r, Immigr. and Naturalization Serv. v. Jean*, 496 U.S. 154, 161–62 (1990). Additionally, the government's prelitigation actions and litigation position "are both relevant to the inquiry and both must be reasonable in fact and law." *Al-Maleki v. Holder*, 558 F.3d 1200, 1207 (10th Cir. 2009).

**ANALYSIS**

In *Daley v. Ceja*, 158 F.4th 1152 (10th Cir. 2025), the Tenth Circuit determined that immigration habeas cases fall within the definition of "civil action" under the EAJA. While this issue is now before the Supreme Court, *Montoya v. Liggins*, No. 25-1223 (U.S. June 29, 2026) (granting certiorari), this Court remains bound by the published Tenth Circuit decisions like *Daley* unless they have been overruled by the Tenth Circuit sitting en banc or superseded by a contrary Supreme Court decision. *Haynes v. Williams,* 88 F.3d 898, 900 n.4 (10th Cir. 1996).

Respondents did not contest Petitioner's arguments, including those relating to prevailing party status, substantial justification, or the reasonableness of the fee amount claimed (including the reasonable hourly rate or the number of hours claimed). Indeed, Petitioner represents that after conferral, Respondents do not oppose the relief sought by

the instant Motion. [Doc. 18 at 2]. Accordingly, this Court deems any challenges to these issues waived. *See Adamscheck v. Am. Fam. Mut. Ins. Co.*, 818 F.3d 576, 588 (10th Cir. 2016) (a party's failure to respond to an argument renders the issue waived). The Court further notes that Respondents bear the burden of showing that their legal positions were substantially justified, and by failing to even address the issue, they have failed to carry their burden.[3] Upon review of the record including but not limited to [Doc.18-1; Doc. 18-4; Doc. 18-5; Doc. 18-6], this Court has also satisfied itself that Mr. Funez Veliz is the prevailing party; the $276 hourly rate requested by the attorneys is the EAJA rate adjusted to the cost of living; and the number of hours claimed by each attorney is reasonable, amounting to $7,868 for litigation of the substantive Petition and $1,518 for the litigation of the instant Motion.

**CONCLUSION**

(1) Petitioner's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act [Doc. 18] is **GRANTED**; and

(2) Petitioner is **AWARDED $9,416.00** in attorney's fees pursuant to the Equal Access to Justice Act.

---

[3] On June 30, 2026, the Tenth Circuit determined that "[t]he only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border." *Santillan Quiroz v. Mullin*, 180 F. 4th 1226, 1239 (10th Cir. 2026). "[N]oncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)". *Id.* at 1237.

DATED: November 16, 2026

BY THE COURT:

Nina Y. Wang

United States District Judge